# Fee v. Lutz, Appellant.

*Landlord and tenant—Lease by life tenant—Death of life tenant —Wrongful distress.*

A lease made by a life tenant terminates with the death of the life tenant, and there can be no legal distress made under it for rent thereafter accruing.

Argued Oct. 16, 1916.   Appeal, No. 158, Oct. T., 1916, by defendants, from order of C. P. No. 4, Philadelphia Co., June T., 1915, No. 678, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Bernard Fee v. J. Edward Lutz, Agent and Otto Zimmerman, Constable.   Before ORLADY, P. J., PORTER,

188, (1916).] Assignment of Error—Opinion of the Court.
HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS,
JJ. Affirmed.

Replevin for goods alleged to have been wrongfully
distrained for rent. Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was order making absolute rule for
judgment for want of a sufficient affidavit of defense.

*J. A. Robbins,* for appellants.

*J. Ernest Nachod,* for appellee.

OPINION BY TREXLER, J., December 18, 1916:

The goods of the plaintiff were levied upon by virtue
of a landlord's warrant. The plaintiff claimed that the
distress was illegal and brought this action of replevin
to recover possession of the goods distrained. The court
below entered judgment for want of a sufficient affidavit
of defense.

The pleadings disclose that a lease of the premises
upon which plaintiff's goods were found was made by the
life tenant, Mary M. Kelly to Patrick Toomey. The life
tenant died and Toomey continued in possession and
paid rent to the agent who had acted for the life tenant
and for the remaindermen. Toomey was succeeded in
the occupancy of the premises by Bernard Fee, the plain-
tiff. The affidavit of defense and the supplementary affi-
davit of defense allege a tenancy having its inception in
the lease made by the life tenant, Mary M. Kelly, and a
levy "made by virtue of a written lease for said premises
dated, April 1, 1906," made by her "due for rent......
under the terms of said lease," a copy of said lease being
attached to each of the affidavits. It is further stated
that "said lease is still in force."

When the life tenant died, the lease made by her ter-

minated.  There can be no question as to that.  When
Toomey continued in possession whether as tenant at
sufferance or at will, the tenancy under which he held at
that time had its beginning at or after the death of the
life tenant.  The relation then existing was between him
and the remaindermen.  The old lease having ended at
the death of the life tenant, there could be no legal dis-
tress made under it for rent thereafter accruing.  The
owners of the property may have had the right to distrain
Fee's goods, but if they had, the source of that right
should have been disclosed in their affidavits.  Having put
their right to distrain upon a lease which was no longer
operative, the court had to decide that the distress was
illegal.  As the defendants showed no legal right to seize
plaintiff's property, judgment was properly entered
against them.

Judgment affirmed.